UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOE VERSIE, JR.                                                                                    PLAINTIFF
ADC #100280

V.                              No. 4:22-CV-00059-BRW-JTR

DEXTER PAYNE, Director, ADC, *et al.*                                              DEFENDANTS

### ORDER

The Clerk is directed to prepare a summons for Sergeant Jeremy Williams ("Williams"), ADC Director Dexter Payne ("Payne"), Deputy Director Dale Reed ("Reed"), Warden Joe Page ("Page"), Deputy Warden Thomas Hurst ("Hurst"), and Major Rodney Ford ("Ford"). The United States Marshal is directed to serve the summonses, Versie's Complaint (*Doc. 2)*, the Court's Partial Recommended Disposition and Order (*Docs. 5 & 7)*, and this Order, on them through the ADC Compliance Division, without prepayment of fees and costs or security therefor.[1]

The Court cannot order service on Defendant Officer Jane Doe ("Doe") until Versie discovers her name. As the Court previously informed Versie, it is his responsibility to provide sufficient information to properly identify all Defendants, including any Doe Defendant. *Doc. 4 at 2.*

---

[1] If any Defendant is no longer an Arkansas Division of Correction employee, the individual responding to service must file a **sealed** statement providing the unserved Defendant's last known private mailing address.

*After* Defendants Williams, Payne, Reed, Page, Hurst, and Ford file their Answer, the Court will enter a Scheduling Order giving Versie 90 days to file a "Motion for Service," which states the full name of the Doe Defendant.[2] Versie is advised that if he fails to timely and properly identify the Doe Defendant, she may be dismissed from this action, without prejudice, due to lack of service, pursuant to Federal Rule of Civil Procedure 4(m). *See also Cantrell v. Huckabee*, 433 F. App'x 488 (8th Cir. 2011) (affirming dismissal of Doe Defendant, without prejudice, where Prisoner-Plaintiff never identified or served him); *Coleman v. Newton*, 334 F. App'x 52 (8th Cir. 2009) (affirming dismissal, without prejudice, where Prisoner-Plaintiff failed to provide information needed to allow United States Marshal's Office to serve Defendants).

IT IS SO ORDERED this 7th day of June, 2022.

*/s/ J. Thomas Ray*
UNITED STATES MAGISTRATE JUDGE

---

[2] Versie can obtain this information by using the discovery process set forth in Federal Rules of Civil Procedure 27 through 37. Specifically, after the Scheduling Order is entered, he can send written interrogatories to the Assistant Attorney General representing Defendants, which describes the date, shift, time, and location of Versie's Tucker Unit cell, when the alleged incident occurred, so that ADC records can be used to identify the Doe Defendant alleged to have violated his constitutional rights on February 5, 2019.